UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

GWENDOLYN N. CECIL,

    Plaintiff,

v.

FAYETTE DISTRICT COURT, et al.,

    Defendants.

Civil Action No. 5: 25-471-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Gwendolyn Cecil is a resident of Sarasota, Florida. Cecil initiated this action by filing a civil complaint and paying the requisite filing fee. *See* [R. 1]. In her pleading, Cecil expressed her belief that since 2021, she and/or her affairs were (or may have been) placed under the authority of a conservator or guardian in Fayette County, Kentucky, who in turn may have monitored her behavior or "stalked" her. *See id*. at 2-3. Cecil indicated that she was never given notice of such proceedings, the nature of which she does not identify, but nonetheless experienced "isolation" and unspecified restrictions on her liberty and communication. *See id*. She further alleged that her brother Darrell Newsome and her former partner Bryon Sturgill stalked her, made false allegations regarding her, and attempted to take some of her assets; however, Cecil did not name these individuals as defendants. *See id*. at 2-3. Instead, Cecil named as defendants various state courts, state court clerks, state agencies, and unidentified conservators or guardians. *See id*. at. 1. Cecil claimed violation of her right to due process and access to the courts, as well as rights arising under state law. *See* [R. 1 at 3-4]. For relief, Cecil sought a Court Order requiring the defendants to provide her with information and records regarding any proceeding naming another person as her guardian or conservator or giving them a power of attorney over her affairs. *See id*. at 4-5.

Shortly thereafter, the Court issued a show cause order pursuant to *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983).  *See* [R. 4].  The Court noted that Cecil's complaint listed job titles rather than viable defendants; did not affirmatively allege anything more than a suspicion that a guardianship or conservatorship had actually been implemented; and did not clearly allege how any named defendant had violated her constitutional rights.  *See id*. at 1-2.  The Court therefore ordered Cecil to submit a new complaint, making clear allegations and asserting viable claims, upon peril of dismissal.  *See id*. at. 2-3.

As directed, Cecil has filed an amended complaint.  *See* [R. 5].  As she did in her original complaint, Cecil lists nearly all of the defendants only by generic job title.[1]  Cecil identifies five defendants by name, including April Welbaum, Debra Parsons, Darrell Newsome, Bryon Sturgill, and Bonita Akers.  Cecil alleges that four of these persons surreptitiously monitored or recorded her activities, whether in person or digitally, or otherwise gathered personal or medical information about her, and reported or used that information to control or manipulate her.  *See* [R. 5 at 9].  She alleges that two of the defendants also harassed or threatened her.  *See id*.  Cecil makes no allegations against defendant Akers.

The Court has thoroughly reviewed the amended complaint, but concludes that it must be dismissed for failure to state a claim.  First, with respect to the five individuals identified by name as defendants, Cecil does not allege that any of these persons are government employees or officials.  Her allegations therefore do not imply that any of these persons acted "under color of law" as required to support liability under Section 1983.  The "under color of law" requirement

---

[1]   *See id*. at 1 (listing defendants as "Officials in Kentucky acting under color of law, Judges, APS/CPS/GAL's, social workers/ investigators, Jane Doe (police officer), Guardians, Conservators, POA's (April Welbaum, Darrell Newsome, Byron Sturgill, Debra Parsons, Bonita Akers, and/or any other person that restrained my life without notice.").  *See also id*. at 10-11.

typically excludes private parties from the scope of Section 1983. *Rudd v. City of Norton Shores, Michigan*, 977 F.3d 503, 512 (6th Cir. 2020); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (quotation marks and citations omitted). The claims against these defendants must therefore be dismissed.

Second, all of the other defendants are identified merely by job title / category or as a "John Doe" defendant. *See* note 1, *supra*. But filing a complaint against an unknown defendant does not initiate a claim against them or toll the statute of limitations. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548–49 (6th Cir. 2016). As one Court has explained, "[i]t is pointless to include a list of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). *See also Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). The Court must therefore dismiss the claims against the unnamed or unspecified defendants without prejudice.

Third, the Court notes that the statute of limitations for Section 1983 claims arising in Kentucky is one year. Ky. Rev. Stat. § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009). Constitutional claims for events occurring more than one year before the complaint was filed on December 30, 2025 – a period which encompasses nearly all of Cecil's allegations – are therefore barred by the statute of limitations. *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015). Finally, to the extent Cecil wishes to assert claims arising under Kentucky law, *cf.* [R. 5 at 12], the Court will dismiss the claims without prejudice in light of the dismissal of all federal claims. *See* 28 U.S.C. § 1367(c).

Accordingly, it is **ORDERED** as follows:

3

1.      The Section 1983 claims asserted in the amended complaint, [R. 5], are

**DISMISSED**.  Any state law claims are **DISMISSED** without prejudice.

2.      All pending motions are **DENIED** as moot.

3.      This matter is **STRICKEN** from the docket.

Entered:  June 11, 2026.

**Signed By:**

*Karen K. Caldwell* KKC

**United States District Judge**